UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on September 30, 2004

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. |
| v. | : | MAGISTRATE NO. 06-0023M-01 (CR) |
| | : | GRAND JURY ORIGINAL |
| **ANTHONY STEWART,** | : | |
| **also known "Pops",** | : | VIOLATIONS: 21 U.S.C. §846 |
| **GILBERT HUGH THOMAS,** | : | (Conspiracy to Distribute and Possess With |
| **also known as "Bill",** | : | Intent to Distribute 50 Grams or More of |
| **Defendants.** | : | Cocaine Base and 500 Grams or More of |
| | : | Cocaine); |
| | : | 21 U.S.C. §841(a)(1) and §841(b)(1)(A)(iii) |
| | : | (Unlawful Distribution of 50 Grams or More |
| | : | of Cocaine Base); |
| | : | 21 U.S.C. §841(a)(1) and §841(b)(1)(C) |
| | : | (Unlawful Distribution of Cocaine); |
| | : | 21 U.S.C. §841(a)(1) and §841(b)(1)(B)(iii) |
| | : | (Unlawful Distribution of 5 Grams or More of |
| | : | Cocaine Base); |
| | : | 21 U.S.C. §841(a)(1) and §841(b)(1)(B)(ii) |
| | : | (Unlawful Possession With Intent to Distribute |
| | : | 500 Grams or More of Cocaine); |
| | : | 21 U.S.C. §841(a)(1) and §841(b)(1)(B)(iii) |
| | : | (Unlawful Possession With Intent to Distribute |
| | : | 5 Grams or More of Cocaine Base); |
| | : | 18 U.S.C. §2 |
| | : | (Aiding and Abetting); |
| | : | 21 U.S.C. §853 |
| | : | (Criminal Forfeiture) |

**I N D I C T M E N T**

The Grand Jury charges that:

## COUNT ONE

From at least sometime on or about January 2005, continuing thereafter up to and including January 2006, within the District of Columbia and elsewhere, **ANTHONY STEWART, also known as "Pops" and GILBERT HUGH THOMAS, also known as "Bill"**, did knowingly and willfully combine, conspire, confederate and agree together and with other persons both known and unknown to the Grand Jury, to unlawfully, knowingly and intentionally distribute and possess with intent to distribute to following:

(1) a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance and the said mixture and substance was 50 grams or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii); and

(2) a mixture and substance containing a detectable amount of cocaine, a Schedule II, narcotic drug controlled substance, and the amount of said mixture and substance was 500 grams or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii).

(**Conspiracy to Distribute and Possess With Intent to Distribute 50 grams or More of Cocaine Base and 500 Grams or More of Cocaine**, in violation of Title 21, United States Code, Section 846)

## COUNT TWO

On or about March 1, 2005, within the District of Columbia, **ANTHONY STEWART, also known as "Pops" and GILBERT HUGH THOMAS, also known as "Bill"**, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was 50 grams or more.

(**Unlawful Distribution of 50 Grams or More of Cocaine Base and Aiding and Abetting**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii) and Title 18, United States Code, Section 2)

## COUNT THREE

On or about March 1, 2005, within the District of Columbia, **ANTHONY STEWART, also known as "Pops" and GILBERT HUGH THOMAS, also known as "Bill"**, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

> (**Unlawful Distribution of Cocaine and Aiding and Abetting**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2)

## COUNT FOUR

On or about March 30, 2005, within the District of Columbia, **ANTHONY STEWART, also known as "Pops" and GILBERT HUGH THOMAS, also known as "Bill"**, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was 50 grams or more.

> (**Unlawful Distribution of 50 grams or More of Cocaine Base and Aiding and Abetting**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii) and Title 18, United States Code, Section 2)

## COUNT FIVE

On or about April 12, 2005, within the District of Columbia, **ANTHONY STEWART, also known as "Pops" and GILBERT HUGH THOMAS, also known as "Bill"**, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was 5 grams or more.

> (**Unlawful Distribution of 5 grams or More of Cocaine Base and Aiding and Abetting**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii) and Title 18, United States Code, Section 2)

## COUNT SIX

On or about July 28, 2005, within the District of Columbia, **ANTHONY STEWART, also known as "Pops" and GILBERT HUGH THOMAS, also known as "Bill"**, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was 50 grams or more.

**(Unlawful Distribution of 50 Grams or More of Cocaine Base and Aiding and Abetting**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii) and Title 18, United States Code, Section 2)

## COUNT SEVEN

On or about September 12, 2005, within the District of Columbia, **ANTHONY STEWART, also known as "Pops" and GILBERT HUGH THOMAS, also known as "Bill"**, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was 50 grams or more.

**(Unlawful Distribution of 50 Grams or More of Cocaine Base and Aiding and Abetting**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii) and Title 18, United States Code, Section 2)

## COUNT EIGHT

On or about January 26, 2006, within the District of Columbia, **ANTHONY STEWART, also known as "Pops" and GILBERT HUGH THOMAS, also known as "Bill"**, did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a

detectable amount of cocaine, a Schedule II, narcotic drug controlled substance, and the amount of said mixture and substance was 500 grams or more.

   (**Unlawful Possession with Intent to Distribute 500 Grams or more of Cocaine and Aiding and Abetting**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii) and Title 18, United States Code, Section 2)

### COUNT NINE

On or about January 26, 2006, within the District of Columbia, **ANTHONY STEWART, also known as "Pops"**, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was 5 grams or more.

   (**Unlawful Possession With Intent to Distribute of 5 Grams or More of Cocaine Base**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii))

### FORFEITURE ALLEGATION

1. The violations alleged in Counts One through Nine of this Indictment are realleged and incorporated by reference herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853.

2. As a result this commission of the offenses alleged in Counts One through Nine of this Indictment, the defendant(s) in this Indictment, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from proceeds obtained directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to:

    (a)    <u>Money Judgment</u>:

        (i) a sum of money equal to the total amount of money, representing the amount of proceeds obtained as a result of the offense of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine, in violation of Title 21, United States Code, Section 846, for which the defendants are jointly and severally liable;

    (b)    <u>U.S. Currency</u>:

        (i) $4,500.00 in U.S. currency paid by the Metropolitan Police Department for cocaine base purchased from the defendants on January 4, 2005; and

        (ii) $7,500.00 in U.S. currency paid by the Metropolitan Police Department for cocaine base purchased from the defendants on March 1, 2005; and

        (iii) $15,000.00 in U.S. currency paid by the Metropolitan Police Department for cocaine base purchased from the defendants on March 30, 2005; and

        (iv) $1,900.00 in U.S. currency paid by the Metropolitan Police Department for cocaine base purchased from the defendants on July 28, 2005; and

        (v) $3,600.00 in U.S. currency paid by the Metropolitan Police Department for cocaine base purchased from the defendants on September 12, 2005.

By virtue of the commission of the felony offenses charged in Counts One through Nine of this Indictment, any and all interest that the defendant(s) have in the property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of drug trafficking, or used, or intended to be used, to facilitate drug trafficking, is vested in the United States and hereby forfeited to the United States pursuant to Title 21, United States Code, Section 853.

3. If any of the property described above as being subject to forfeiture pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant(s):

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property that cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant(s) up to the value of said property identified above as being subject to forfeiture.

(**Criminal Forfeiture**, in violation of Title 21, United States Code, Sections 853 and 853(p))

A TRUE BILL:


FOREPERSON.


Attorney of the United States in
and for the District of Columbia.