UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No.: 06-029 (PLF) |
| | : | |
| v. | : | |
| | : | |
| **ANTHONY STEWART,** | : | |
| also known "Pops", | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S NOTICE OF INTENTION AND MOTION TO ADMIT EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS PURSUANT TO FEDERAL RULE OF EVIDENCE 609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of Defendant's prior convictions for impeachment purposes should the Defendant elect to testify at trial in the above-captioned case.[1] In support of this motion, the Government relies on the following points and authorities and such other points and authorities that may be adduced at a hearing on the matter:

1.  The Defendant has been charged in a nine count indictment with, *inter alia*, Conspiracy to Distribute and Possess With Intent to Distribute 50 grams or More of Cocaine Base and 500 Grams or More of Cocaine, in violation of Title 21, United States Code, Section 846.  The Defendant's prior convictions are as follows:

---

[1] In his prior convictions, the defendant has used the alias of Errol "Edward or Emanuel" Cole.

| OFFENSE | CASE NUMBER | JURISDICTION | SENT | DATE |
|---|---|---|---|---|
| Possession of Cocaine & Marihuana | CT890717X | Prince George's County, Md. | 2 yrs | 9/9/91 |
| Poss. of Controlled Dangerous Substance & Marihuana | CT960518X | Prince George's County, Md. | 4yr(susp) 2 yrs probation | 7/12/96 |

2. Federal Rule of Evidence 609(a)(1) provides for the admission of prior convictions of a Defendant for impeachment purposes, subject to the time constraints of Rule 609(b), if the Court determines that the probative value of the evidence outweighs its prejudicial effect to the Defendant. Here, the Defendant's convictions clearly qualify and meet the requirements of Rule 609(b). Should the Defendant choose to testify, we seek to use these convictions, pursuant to Fed. R. Evid. 609, to impeach him.

3. In evaluating whether the probative value of this conviction outweighs its prejudicial effect, the trial court should begin with the premise, articulated by the D.C. Circuit, sitting en banc, that all convictions which meet the ten-year time limit prescribed in Rule 609(b) are at least somewhat probative of the defendant's credibility. United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc). In performing Rule 609(a)(1)'s balancing test of probativeness versus prejudice, the Lipscomb court held that the trial court has discretion to decide how much background information about the conviction, if any, it needs in performing its analysis. Id. at 1051, 1073.

4. As noted by the Court of Appeals, "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose

character entitles him to complete credence when his criminal record stands as direct testimony to the contrary." United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980) (citation omitted). In Lewis, the defendant was charged, among other things, with distribution of phenmetrazine; after taking the stand, he was impeached with evidence that he had been convicted several years before for distributing drugs in violation of the Controlled Substances Act. Id. at 943, 947. The court held that there was no error in admitting evidence of the defendant's prior conviction (which involved the distribution of heroin, id. at 944), noting that "[t]he fact that the prior felony conviction was for a narcotics offense, and the defendant was again being tried for a similar offense, does not render the prior conviction inadmissible," and directing that in such circumstances a limiting instruction should be given to the jury. Id. at 950.[2]

5.      Inasmuch as every impeachment by prior conviction involves some inherent prejudice to a defendant, that prejudice by itself should not be enough to preclude the Government's impeachment of the Defendant in this case. Cf. Lipscomb, 702 F.2d at 1062 ("[w]hen the defendant is impeached by a prior conviction, the question of prejudice . . . is not if, but how much") (emphasis in original). Should the Defendant testify in this case, the issue of his credibility will be a central issue for the jury. The probative value of the conviction in assessing that credibility, involving as it does serious and recent offenses, clearly outweighs whatever prejudice there may be to the Defendant --

---

[2] To be sure, the court in Lewis acknowledged that in a narcotics prosecution a prior narcotics conviction carries more prejudice, and it noted that in this case the evidence of the conviction carried more probative value where the defendant had testified that he was not knowledgeable about drug transactions. Id. at 951. Nonetheless, as the Court of Appeals noted en banc, this additional factor was not critical in determining that the probative value of the conviction outweighed its prejudice. While Lewis might at first be considered a "special" case because the prior conviction served not only to impeach credibility but also to rebut specific testimony, the Court in Lipscomb commented, "our analysis did not treat this [additional] reason as critical" in holding the conviction admissible under the balancing test. Lipscomb, 702 F.2d at 1058, n.35 (en banc).

particularly given the limiting instruction that can be given to the jury in order to preclude its use of such evidence for an improper purpose.

WHEREFORE, the Government respectfully notifies Defendant and the Court of its intent to use Defendant's prior convictions for impeachment purposes, and respectfully requests that this Honorable Court grant the Government's Motion to Impeach the Defendant's credibility with his prior convictions should he testify at trial.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451058

BY:         /s/
EMORY V. COLE
Assistant United States Attorney
Organized Crime and Narcotics Section
555 4th Street, N.W.  #4213
Washington, DC 20001
(202) 616-3388