## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No.: 06-029 (PLF)** |
| | : | |
| **v.** | : | |
| | : | |
| **ANTHONY STEWART,** | : | |
| **also known "Pops",** | : | |
| **Defendant.** | : | |
| | : | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States, by and through its attorney, Jeffery A. Taylor, the United States Attorney for the District of Columbia, submits the following proposed instructions for use in connection with the above captioned trial.

### Instruction 1.03[1]

### A.  PRELIMINARY INSTRUCTIONS

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial.  I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions which I will give at the end of the trial just before you start your deliberations.  These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

### Instruction 1.02 A

---

[1]Unless otherwise indicated, all instructions are based on the Criminal Jury Instructions for the District of Columbia, 4th ed., published by the Young Lawyers Section of the Bar Association of the District of Columbia.

**NOTETAKING BY JURORS** (OPTIONAL)


When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. It is my practice to allow jurors to take notes during the trial if they want to, and to have their notes with them during the jury's deliberations. I want to emphasize that none of you is required to take notes. Indeed, you should not do so if you think that notetaking will distract your attention from the evidence or the testimony of the witnesses. On the other hand, if you think that taking notes might help you remember the testimony of the witnesses and the other evidence in the case, or might make you pay more attention during the trial, you are free to take notes. You should remember that your notes are only an aid to help your memory. They should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Whenever there is a recess in the trial, you should leave your notebooks and pencils on your seats. They will be collected by the clerk and given to me to keep. No one, including myself, will ever look at any of your notes. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notes will be destroyed. Again, neither I nor anyone else will look at any notes you have taken.

**Instruction 1.21**

**IDENTITY OF ALTERNATES IS NOT DISCLOSED**

You have probably noticed that there are sixteen of you sitting in the jury box. Only twelve of you will retire to deliberate in this matter. In some courtrooms, jurors in seats 13 and

14 are automatically the alternates, but that is not how it works in this courtroom.  Instead, we randomly select the alternates' seats at the beginning of each trial from among all the jury seats so that any two seats -- 1 and 8, 10 and 5, 2 and 13, or any other combination -- might turn out to be the seats of the alternates.

I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations.  Therefore, it is important that all of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

### Instruction 1.22

### JUROR'S RECOGNITION OF A WITNESS OR

### OTHER PARTY CONNECTED TO THE CASE

At the beginning of the jury selection process, potential witnesses were identified to you by name.  If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone referred to in the testimony or evidence, or anyone else connected with this case in any way, you should tell the court immediately.  You should not tell any other member of the jury about your discovery.  If you realize you are acquainted with someone connected with this case while a witness is testifying, you should raise your hand immediately and ask to speak privately to the marshal or with me at the bench.

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case.  This is a criminal case which began when the grand

jury returned an indictment.  Assistant United States Attorney Emory V. Cole will present the evidence in support of the charges in the indictment.

The Indictment charges the defendant, Anthony Stewart with Conspiracy to Distribute and Possess With Intent to Distribute 50 grams or More of Cocaine Base and 500 Grams or More of Cocaine and related charges.

You should understand that the indictment that I read to you is not evidence.  The indictment is just a formal way of charging a person with a crime in order to bring him to trial. You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offenses with which he has been charged.  The defendant has been charged with conspiring to distribute and possess with the intent to distribute cocaine base and cocaine.  To prove this offense, the government must prove beyond a reasonable doubt each of the elements of this offense.  The elements of conspiracy are:

**Elements**

**\*CONSPIRACY TO DISTRIBUTE AND POSSESS**

**WITH THE INTENT TO DISTRIBUTE COCAINE**

Count One of the Indictment charges that from at least sometime on or about January 2005, continuing thereafter up to and including January 2006, within the District of Columbia and elsewhere,  Mr. Stewart, did unlawfully and knowingly and intentionally combine, conspire, confederate and agree together, and with other coconspirators, to unlawfully, knowingly and

intentionally distribute and possess with the intent to distribute 50 grams or More of Cocaine Base and 500 Grams or More of Cocaine of a mixture and substance containing a detectable amount of cocaine and cocaine base, which are narcotic drug controlled substance, in violation of Title 21, Sections 841 and 846 of the United States Code.

A conspiracy charge is a separate and different offense from the underlying crimes that are the alleged purpose of the conspiracy. This is because it is an offense to conspire, or agree, with someone to commit a crime even if that crime is never committed. So, a conspiracy is a combination of two or more persons to accomplish an unlawful purpose. It is a partnership.

Nonetheless, you must consider separately each alleged conspirator's participation. Specifically, for you to find Mr. Stewart guilty of conspiracy, the government must prove each of the following elements beyond a reasonable doubt.

First, that at sometime from at least sometime on or about January 2005, continuing thereafter up to and including January 2006, within the District of Columbia and elsewhere, an agreement existed between at least two people to commit a crime, namely, to distribute or possess with intent to distribute cocaine and cocaine base.

Second, that Mr. Stewart knowingly and willfully joined and participated in the conspiracy with the specific intent to distribute cocaine or to possess it with intent to distribute it. In other words, this, the second element, requires that the government must prove the defendant's membership in the conspiracy.

An agreement, to constitute a conspiracy agreement, does not have to be in writing, does not have to be an express or formal plan in which everyone who was involved sat down together and worked out all the details. This of course rarely, if ever, happens when illegal purposes are involved.

On the other hand, it does not follow from the fact that people get together and talk about common interests, or do similar things, that an illegal agreement exists. The government must prove beyond a reasonable doubt that there was a common understanding or common undertaking among two or more people to commit a crime. Such an agreement need not be proved directly but it may be inferred from the circumstances and conduct of the parties, since ordinarily a conspiracy is characterized by secrecy.

To be a member of the conspiracy, Mr. Stewart need not know the identities or the number of all the other members of the conspiracy, nor all of the details of the conspiracy, or the means by which its purposes were to be accomplished. Mr. Stewart may be found to have been a member of the conspiracy even though he was not apprized of all the activities of the other members. Furthermore, the defendant need not have been informed of the full scope of the conspiracy, nor need he be shown to have joined in all of the conspiracy's unlawful objectives in order for you to infer that he joined the conspiracy knowingly. Each member of the conspiracy may perform separate and distinct acts. It is not necessary that the government prove that a particular alleged conspirator, from the beginning, was aware of the common purpose, had knowledge that the conspiracy existed, and was a member of the conspiracy. Different persons may become members of the conspiracy, at different times. Moreover, it is not necessary, in order to convict Mr. Stewart of a charge of conspiracy, that the objectives or purposes of the conspiracy have been achieved or accomplished. In addition, the government is not required to prove that any alleged conspirator committed an act

in furtherance of the conspiracy.[2]  The essence of the offense of conspiracy is the agreement to commit a crime, not the commission of overt acts in furtherance of the agreement.

In determining whether a conspiracy existed and whether Mr. Stewart was one of its members, you may consider the acts and statements of any other member of the alleged conspiracy, done or made during the course of and in furtherance of the conspiracy, as evidence against the defendant.  When persons enter into a conspiracy, they become agents for each other, so that the act or statement of one conspirator is considered the act or statement of all the other conspirators and is evidence against them all.

You should not base your determination of the guilt or innocence on the extent of Mr. Stewart's participation in the alleged conspiracy.  Mr. Stewart may be convicted as a conspirator even though he plays a minor role in the conspiracy, or joined the conspiracy after it was underway provided that you find beyond a reasonable doubt that the conspiracy existed, and that he knowingly participated in the conspiracy with the intent to assist other conspirators.  You need not find that all members of the conspiracy were members at one time.  For Mr. Stewart to be convicted as a conspirator, it is sufficient if at some time during the course of the conspiracy, he was a member of the conspiracy.

It is not essential that the prosecution prove that the conspiracy began or ended on the specific dates set forth in the indictment.  Rather, the government is required to prove beyond a reasonable doubt that in fact a conspiracy existed for some time within the period set forth in the indictment.

---

[2]United States v. Scabani, 513 U.S. 10 (1994) (no overt act required to prove conspiracy pursuant to 21 U.S.C. Sec. 846).

Finally, in order to convict the defendant of the conspiracy charge in the indictment, it is not necessary that you find that the conspiracy involved the actual amount of the mixture or substance containing cocaine alleged in the indictment. The amount of the mixture or substance containing a controlled substance is not an element of Count One.

In summary, a conspiracy is a kind of partnership in crime. For the defendant to be convicted of the crime of conspiracy, the government must prove two things beyond a reasonable doubt: First, that there was an agreement to commit a crime; and second, that the defendant intentionally joined that agreement.

(This instruction is based on Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, (1990 & 1997 supp.) Sec. 28 <u>generally</u>. The defendant objects to the bracketed and bold text.)

The elements of distribution are:

**Instruction 4.30**

**DISTRIBUTION OF A CONTROLLED SUBSTANCE**

The essential elements of distribution are:

1.    That the defendant or another conspirator distributed a controlled substance. Distribute means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return.

2.    That the defendant or another conspirator distributed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

The law makes cocaine and cocaine base are controlled substances.  You must decide whether the materials were cocaine and/or cocaine base.  In doing that, you may consider all evidence that may help you, including exhibits, expert and non-expert testimony.

As I explain how the trial will proceed, I will  refer to the "government" and to the "defendant."  When I mention the "government," I am referring to the person who is presenting the evidence in support of the charges contained in the indictment.  In this case, it is the Assistant United States Attorney Emory V. Cole.  When I mention the defendant, I am referring either to the defendant Anthony Stewart, or to his attorney, Richard Samad.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements.  If the government makes an opening statement it must do so at the beginning of its case.  The defendant may make an opening statement immediately after the government's opening statement, or may wait until the beginning of the defendant's case.  The defendant does not have to make any opening statement.  The opening statements are only intended to help you understand the evidence which will be introduced.  The opening statements are not evidence.

After the opening statement or statements, the government will introduce evidence to support the charges in the indictment.  After the government presents its evidence, the defendant may present evidence, but he is not required to do so.  The law does not require a defendant to prove his innocence or to produce any evidence.

At the end of all of the evidence, I will tell you in detail about the rules of law that you must follow when you consider what your verdict shall be. Your verdict must be unanimous; that is, all twelve jurors must agree on the verdict.

Finally, each side will have an opportunity to make a closing argument in support of its case. The lawyers' closing arguments, just like their opening statements, are not evidence in this case. They are only intended to help you understand the evidence.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair and efficient manner, to rule on legal questions which come up in the course of the trial, and to instruct you about the law which applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You -- and only you -- are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide whether to believe any witness, and to what extent to believe any witness.

And remember, you must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory and your notes if you choose to take any.

During this trial, I may rule on motions and objections by the lawyers, comment to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that

somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and exhibits. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers in the case may object when the other side asks a question, makes an argument, or offers evidence which that lawyer believes is not properly admissible. You must not be prejudiced against the lawyer who makes the objection or the party he represents. Indeed, it is the lawyer's responsibility to object to evidence which he believes is not properly admissible.

If I sustain an objection to a question asked by a lawyer, you should forget about the question because the question is not evidence. You must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must forget about both the question and the answer that was stricken. You should follow this same rule if any of the exhibits is stricken.

A defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden never shifts throughout the trial. The law does not require a

11

defendant to prove his innocence or to produce any evidence.  If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, you must find him guilty.  On the other hand, if you find that the government has failed to prove a single element of the offense beyond a reasonable doubt, you must find the defendant not guilty.

You must not be influenced by the nature of the charge in arriving at your verdict.  Your responsibility is to decide this case solely on the evidence presented in the courtroom.  As a result, you must not conduct any independent investigation of your own of the case -- like going to visit a crime scene.

In addition, you should disregard any statements made about the case by anyone outside the courtroom.  You must not talk about the case with the lawyers, the defendant, witnesses, or anyone else connected with the case.  If you see someone involved in this case, other than a fellow juror, outside the courtroom, you should not speak with that person about anything.  If, at any time during the trial, anyone tries to discuss the case with you or if you hear anyone talking about the case, you should refuse to participate in or listen to the discussion.  If you speak with someone involved in the case outside the courtroom while the trial is still going on, we may have to stop the trial, pick a new jury and start all over again.  You must also completely disregard any press coverage, including newspaper, television or radio reports which you may read, see or hear.  If you are exposed to any news reports inadvertently, you should immediately disregard them and direct your attention elsewhere.

If you have heard any statements about the case, if anyone has tried to discuss the case with you or if you have been exposed to press coverage about the case, you must tell me about it

immediately by informing the marshal or the courtroom clerk. You should not tell any of your

fellow jurors or anyone else. You should tell only me, the marshal, or the clerk.

You must not discuss this case with anyone until this case is submitted to you for your

decision at the end of my final instructions. Until the case is submitted to you, you must not talk

about it with your fellow jurors. You must not talk about the case to your friends or relatives, or

even your husband or wife, until it is over and you have completed your deliberations.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only

in the jury room and only in the presence of all your fellow jurors. It is important that you keep an

open mind and not decide any issue in the case until after I submit the entire case to you with my

final instructions.

### Instruction 1.05[3]

### CAUTIONARY INSTRUCTION

### PRIOR TO FIRST RECESS

We are about to take our first break and it is important that you follow certain instructions

whenever the court is in recess.

First, until I submit this case to you at the end of my final instructions, you must not discuss

it with anyone -- not with the parties, witnesses, attorneys or anyone else connected with the case.

You must not even discuss it with your fellow jurors, friends or family members. To be fair to both

_____

[3]We ask that the Court give this instruction before the first break that is taken during voir
dire.

the government and the defendant, you should keep an open mind throughout the trial. You should reach your conclusion only during the final deliberations after all the evidence is in and you have heard the attorneys' closing arguments and my instructions to you on the law.

Second, do not permit any other person to discuss the case in your presence. This applies to anyone, including members of your family, friends or relatives, courtroom spectators, witnesses, reporters and parties to this case. If anyone attempts to discuss the case with you, tell them not to talk to you. If anyone attempts to discuss the case with you or you overhear any discussion of the case, you must report that fact to me as soon as you can. However, you should not discuss with any of your fellow jurors the fact that someone tried to discuss the case with you or that you overheard a discussion, nor should you discuss with them any other fact that you feel necessary to bring to the court's attention. If you need to advise me of such matters, please do so through the marshal or clerk.

Finally, although it is a natural human tendency to talk with people with whom you may be thrown into contact, you must not talk to any of the parties or their attorneys or any witness in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having a conversation with them, overhearing their conversation or having any contact with them at all. For example, if you inadvertently find yourself in a courthouse corridor, elevator, the cafeteria or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to me as soon as you can. Finally, if you see an attorney or witness involved in the case and they turn and walk away from you, they are not being rude. They are merely trying to avoid any contact with you as I have instructed them.

14

**B.  FINAL INSTRUCTIONS**

Ladies and gentlemen of the jury, you are about to hear the closing arguments of counsel concerning the evidence in this case.  At this time, it is my duty and responsibility as the trial judge to give you instructions as to the law that applies to this case and to the evidence that has been presented.  It is your sworn duty to base your verdicts upon the law given in these instructions and upon the evidence that has been admitted in this trial.

**Instruction 2.01**

**FUNCTION OF THE COURT**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law which applies in this case.

It is your duty to accept the law as I state it to you.  You should consider all the instructions as a whole.  You may not ignore any instruction, or question the wisdom of any rule of law.

**Instruction 2.02**

**FUNCTION OF THE JURY**

Your function, as the jury, is to determine what the facts are in this case.  You are the sole judges of the facts.  You alone decide what weight to give to the evidence presented during the trial. You decide the value of the evidence and the believability of the witnesses.

15

You should determine the facts without prejudice, fear, sympathy or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any opinion as to the facts, you should ignore it. It is your sole and exclusive duty to decide the verdict in this case.

### Instruction 2.03

### JURY'S RECOLLECTION CONTROLS

If any reference by the court or the attorneys to evidence does not coincide with your own recollection of the evidence, it is your recollection which should control during your deliberations.

### No. 1.02

### NOTETAKING BY JURORS

B.    <u>FINAL INSTRUCTION WHEN NOTETAKING IS PERMITTED</u>

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notes with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory and they should not replace your memory. Those jurors who have not taken notes should rely on their own memory of the evidence and should not be influenced by another juror's notes if the notes do not coincide with their memory. The notes are intended to be for the notetaker's own personal use.

At the end of your deliberations, please tear out from your notebooks any notes you have made and give them to your foreperson. The clerk will collect your notebooks and pencils when you return to the courtroom, and I will ask the foreperson to give the clerk your notes when your verdict is announced. The clerk will give the notes to me and I will destroy your notes immediately after the trial. No one, including myself, will look at them.

**Instruction 2.04**

**EVIDENCE IN THE CASE --**

**JUDICIAL NOTICE, STIPULATIONS, DEPOSITIONS**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case was the sworn testimony of the witnesses, the exhibits which were admitted into evidence, [the facts of which I took judicial notice], and [the facts and testimony stipulated to by the parties].

[The court may take judicial notice of public acts, places, facts and events which the court regards as matters of common knowledge. In this case, I took judicial notice of _____. [You may, if you choose to do so, regard that fact as proven evidence, but you are not required to do so because you are the sole judges of the facts.]]

[During the trial, you were told that the parties had stipulated -- that is, agreed to -- certain facts. Any stipulation of fact is undisputed evidence, and you may consider it undisputed evidence.]

[During the trial, you were told that the parties had stipulated -- that is, agreed to -- what testimony a particular witness would have given if s/he had testified in this case. You may consider this stipulated testimony as exactly what this witness would have said had s/he testified.]

17

When you consider the evidence, you are permitted to draw, from the facts which you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.

**Instruction 1.08**

**EXPERT TESTIMONY**

Ordinarily, the rules of evidence do not permit witnesses to testify as to opinions or conclusions. But there is an exception to this rule for expert witnesses. Experts are allowed to give opinions or conclusions because they have become expert in some art, science, profession or calling. They may give their opinions or conclusions, and reasons for their opinions.

In this case, the court has permitted _____ to testify as an expert concerning _____. You are not bound by an expert's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. In other words, give the opinion the weight you think it deserves after you consider it along with all the other evidence.

**Instruction 2.05**

**STATEMENTS OF COUNSEL**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence.

**Instruction 1.07**

**QUESTION NOT EVIDENCE**

Sometimes a lawyer's question suggests that something is a fact.  Whether or not something is a fact depends on the witness's answer -- not the lawyer's question.  A lawyer's question is not evidence.

**Instruction 2.06**

**INDICTMENT OR INFORMATION NOT EVIDENCE**

The indictment is merely the formal way of accusing a person of a crime to bring him to trial. You must not consider the indictment as evidence of any kind -- you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

**Instruction 2.07**

**INADMISSIBLE AND STRICKEN EVIDENCE**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence which the objecting lawyer believed was not proper.  You must not be prejudiced against the lawyer who made the objections.  It is the lawyers' responsibility to object to evidence which they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should disregard the question and you must not speculate as to what the answer would have been.

If, after a witness answered a lawyer's question, I ruled that the answer should be stricken, you should disregard both the question and the answer in your deliberations.

Likewise, exhibits, as to which I have sustained an objection, or which I ordered stricken, are not evidence and you must not consider them in your deliberations.

### Instruction 2.08

### BURDEN OF PROOF -- PRESUMPTION OF INNOCENCE

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt.

The burden is on the government to prove the defendant guilty beyond a reasonable doubt. This burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, you must find him guilty. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty.

### REASONABLE DOUBT*

As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal

cases the law does not require proof that overcomes every possible doubt. The government is not required to establish guilt beyond all doubt, or to a mathematical certainty or a scientific certainty. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty. (*The government requests that in place of Instruction 2.09 from the Red Book, the Court give the foregoing instruction, which is based on Instruction 21, Definition of Reasonable Doubt, from Pattern Criminal Jury Instructions, and was approved by this circuit in United States v. Taylor, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993).)

## Instruction 2.10

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which you may find the truth as to the facts of a case -- direct evidence and circumstantial evidence. When a witness asserts actual knowledge of a fact, such as an eyewitness, that witness's testimony is direct evidence. A chain of facts and circumstances indicating the guilt or innocence of a defendant is circumstantial evidence. The law makes no distinction between the weight you should give to either kind of evidence, nor does circumstantial evidence require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should weigh all of the evidence presented, both direct and circumstantial.

**Instruction 2.11**

**CREDIBILITY OF WITNESSES**

In determining whether the government has established the charges against the defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent misrecollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

### Instruction 2.13

### NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side.

### Instruction 2.14

### NATURE OF CHARGES NOT TO BE CONSIDERED

One of the questions you were asked when we were selecting this jury was whether the nature of the charge would affect your ability to render a fair and impartial verdict. There was a reason for

that question. You must not allow the nature of the charge itself to affect your verdict. You must consider only the evidence that has been presented in this case in rendering a fair and impartial verdict.

## Instruction 2.22

### ACCOMPLICE'S TESTIMONY

Accomplices in the commission of a crime are competent witnesses and the government has a right to use them as witnesses. You have heard witnesses who testified that they were actually involved in the planning and carrying out the crimes charged in the indictment which makes them--if you believe that portion of their testimony--"accomplices." An accomplice is anyone who knowingly and voluntarily cooperates with, aids, assists, advises or encourages another person in the commission of a crime, regardless of his degree of participation.

The testimony of an alleged accomplice should be received with caution and scrutinized with care. You should give it such weight as in your judgment it is fairly entitled to receive. You may convict a defendant upon the uncorroborated testimony of an alleged accomplice only if you believe that the testimony of the accomplice proves the guilt of the defendant beyond a reasonable doubt.

## Instruction 1.12

### IMPEACHMENT BY PROOF OF

### CONVICTION OF A CRIME -- WITNESS

You have heard evidence that a witness has been convicted of a crime. A witness's prior criminal conviction is admitted into evidence solely for your consideration in evaluating his credibility as a

witness.  As a result, you may consider this prior conviction only in evaluating the credibility of that witness's testimony in this case.

## Instruction 2.26

## POLICE OFFICER'S TESTIMONY

The testimony of a police officer or other law enforcement agent should be considered by you just as any other evidence in the case.  In evaluating the agent's credibility you should use the same guidelines which you apply to the testimony of any witness.  In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a law enforcement agent.

## Instruction 2.27

## FAILURE OF DEFENDANT TO TESTIFY

Every defendant in a criminal case has an absolute right not to testify.  You must not draw any inference of guilt against the defendant because he did not testify.

(If defendant chooses not to testify.)

## Instruction 2.28

## DEFENDANT AS WITNESS

The defendant has a right to become a witness in his own behalf.  His testimony should not be disbelieved merely because he is the defendant.  In weighing his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial.  As with the

testimony of any other witness, you should give the defendant's testimony such weight as in your

judgment it is fairly entitled to receive.

(If defendant chooses to testify.)


### Instruction 2.30

### TRANSCRIPTS OF TAPE RECORDINGS

Transcripts of these tape recorded conversations were furnished and admitted for your convenience

and guidance as you listened to the tapes to clarify portions of the tape which are difficult to hear,

and to help you identify speakers.  You will be permitted the opportunity to take the transcripts of

the tape recorded conversations with you into the deliberation room.  The tape recording constitutes

evidence of the recorded conversations and the transcript is an interpretation of the tape.  If you

perceive any variation between the transcripts and the tapes, you must be guided solely by the tapes

and not by the transcripts.  If you cannot determine from the tape that particular words were spoken,

you must disregard the transcripts so far as those words are concerned.

(Authority: United States v. Holton, 116 F.3d 1536, 1543 (D.C. Cir. 1997))

### Instruction 2.31

### EFFECT OF REFUSAL OF WITNESS

### TO ANSWER PROPER QUESTION


The law requires every witness, including a defendant who chooses to become a witness in a criminal

case, to answer all proper questions put to him/her, unless the court rules otherwise.

The fact that a witness refuses to answer a question after being instructed by the court to do so may be considered by the jury in determining whether you believe the witness and the weight his/her testimony deserves.  However, you must not guess what the witness would have said if s/he had not refused to answer the question.

(If appropriate.)

## OTHER CRIMES EVIDENCE

You have heard evidence that on,

the defendant

(The instruction may or may not be appropriate.  If such an instruction is appropriate, the Court may modify Instruction 2.51 from the "Red Book" (Criminal Jury Instructions, 4th ed., published by theYLS of the Bar Assoction for the District of Columbia), or the other crimes evidence instruction, which is based on Instruction 3.27B, Limiting Instruction; Other Crimes or Acts, from Federal Criminal Jury Instructions, 2d ed. (1992).

**Elements**

**\*CONSPIRACY TO DISTRIBUTE AND POSSESS**

**WITH THE INTENT TO DISTRIBUTE COCAINE AND COCAINE BASE**

Count One of the Indictment charges that from at least sometime on or about January 2005, continuing thereafter up to and including January 2006, within the District of Columbia and elsewhere, Mr. Stewart, did unlawfully and knowingly and intentionally combine, conspire, confederate and agree together, and with other coconspirators, to unlawfully, knowingly and intentionally distribute and possess with the intent to distribute 50 grams or More of Cocaine Base and 500 Grams or More of Cocaine of a mixture and substance containing a detectable amount of cocaine and cocaine base, which are narcotic drug controlled substances, in violation of Title 21, Sections 841 and 846 of the United States Code.

A conspiracy charge is a separate and different offense from the underlying crimes that are the alleged purpose of the conspiracy. This is because it is an offense to conspire, or agree, with someone to commit a crime even if that crime is never committed. So, a conspiracy is a combination of two or more persons to accomplish an unlawful purpose. It is a partnership.

Nonetheless, you must consider separately each alleged conspirator's participation. Specifically, for you to find Mr. Stewart guilty of conspiracy, the government must prove each of the following elements beyond a reasonable doubt.

First, that at sometime from at least sometime on or about January 2005, continuing thereafter up to and including January 2006, within the District of Columbia and elsewhere, an

agreement existed between at least two people to commit a crime, namely, to distribute or possess with intent to distribute cocaine and cocaine base.

Second, that Mr. Stewart knowingly and willfully joined and participated in the conspiracy with the specific intent to distribute cocaine or to possess it with intent to distribute it. In other words, this, the second element, requires that the government must prove the defendant's membership in the conspiracy.

An agreement, to constitute a conspiracy agreement, does not have to be in writing, does not have to be an express or formal plan in which everyone who was involved sat down together and worked out all the details. This of course rarely, if ever, happens when illegal purposes are involved. On the other hand, it does not follow from the fact that people get together and talk about common interests, or do similar things, that an illegal agreement exists. The government must prove beyond a reasonable doubt that there was a common understanding or common undertaking among two or more people to commit a crime. Such an agreement need not be proved directly but it may be inferred from the circumstances and conduct of the parties, since ordinarily a conspiracy is characterized by secrecy.

To be a member of the conspiracy, Mr. Stewart need not know the identities or the number of all the other members of the conspiracy, nor all of the details of the conspiracy, or the means by which its purposes were to be accomplished. Mr. Stewart may be found to have been a member of the conspiracy even though he was not apprized of all the activities of the other members. Furthermore, the defendant need not have been informed of the full scope of the conspiracy, nor need he be shown to have joined in all of the conspiracy's unlawful objectives in order for you to infer that he joined the conspiracy knowingly. Each member of the conspiracy may perform separate and

distinct acts. It is not necessary that the government prove that a particular alleged conspirator, from the beginning, was aware of the common purpose, had knowledge that the conspiracy existed, and was a member of the conspiracy. Different persons may become members of the conspiracy, at different times. Moreover, it is not necessary, in order to convict Mr. Stewart of a charge of conspiracy, that the objectives or purposes of the conspiracy have been achieved or accomplished. In addition, the government is not required to prove that any alleged conspirator committed an act in furtherance of the conspiracy.[4] The essence of the offense of conspiracy is the agreement to commit a crime, not the commission of overt acts in furtherance of the agreement.

In determining whether a conspiracy existed and whether Mr. Stewart was one of its members, you may consider the acts and statements of any other member of the alleged conspiracy, done or made during the course of and in furtherance of the conspiracy, as evidence against the defendant. When persons enter into a conspiracy, they become agents for each other, so that the act or statement of one conspirator is considered the act or statement of all the other conspirators and is evidence against them all.

You should not base your determination of the guilt or innocence on the extent of Mr. Stewart's participation in the alleged conspiracy. Mr. Stewart may be convicted as a conspirator even though he plays a minor role in the conspiracy, or joined the conspiracy after it was underway provided that you find beyond a reasonable doubt that the conspiracy existed, and that he knowingly participated in the conspiracy with the intent to assist other conspirators. You need not find that all members of the conspiracy were members at one time. For Mr. Stewart to be convicted as a

---

[4]United States v. Scabani, 513 U.S. 10 (1994) (no overt act required to prove conspiracy pursuant to 21 U.S.C. Sec. 846).

conspirator, it is sufficient if at some time during the course of the conspiracy, he was a member of the conspiracy.

It is not essential that the prosecution prove that the conspiracy began or ended on the specific dates set forth in the indictment. Rather, the government is required to prove beyond a reasonable doubt that in fact a conspiracy existed for some time within the period set forth in the indictment.

Finally, in order to convict the defendant of the conspiracy charge in the indictment, it is not necessary that you find that the conspiracy involved the actual amount of the mixture or substance containing cocaine base and cocaine alleged in the indictment. The amount of the mixture or substance containing a controlled substance is not an element of Count One.

In summary, a conspiracy is a kind of partnership in crime. For the defendant to be convicted of the crime of conspiracy, the government must prove two things beyond a reasonable doubt: First, that there was an agreement to commit a crime; and second, that the defendant intentionally joined that agreement.

(This instruction is based on Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>,

(1990 & 1997 supp.) Sec. 28 <u>generally</u>. The defendant objects to the bracketed and bold text.)

The elements of distribution are:

**Instruction 4.30**

**DISTRIBUTION OF A CONTROLLED SUBSTANCE**

The essential elements of distribution are:

1.      That the defendant or another conspirator distributed a controlled substance. Distribute means to transfer or attempt to transfer to another person.  The government need not prove that the defendant received or expected to receive anything of value in return.

2.      That the defendant or another conspirator distributed the controlled substance knowingly and intentionally.  This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

### Instruction 3.02

### PROOF OF STATE OF MIND

Someone's intent or knowledge or both ordinarily cannot be proved directly, because there is no way of directly looking into the workings of the human mind.  But you may infer the defendant's intent or knowledge from the surrounding circumstances.  You may consider any statement made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence which indicate the defendant's intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.  You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

### Instruction 3.07

### "ON OR ABOUT" -- PROOF OF

You will note that the indictment charges that the offenses were committed on or about January 2005, continuing thereafter up to and including January 2006.  The proof need not establish with certainty the exact date of the alleged offenses.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

### Instruction 3.08

### POSSESSION -- DEFINED

There are two kinds of possession:  actual and constructive.  A person has actual possession of something if he has direct physical control over it.  He has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it, either by himself or through another person.

Possession may be shared with one or more people.

Mere presence near something or mere knowledge of its location is not enough to show possession.  To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the cocaine, alone or with someone else.

### Instruction 4.02

### AIDING AND ABETTING

You may find the defendant guilty of the crime charged in the indictment without finding that he personally committed each of the acts that make up the crime or that he was present while the crime was being committed.  Any person who in some way intentionally participates in the

commission of a crime aids and abets the principal offender. He therefore is as guilty of the crime as he would be if he had personally committed each of the acts that make up the crime. To find that the defendant aided and abetted in committing a crime, you must find that the defendant knowingly associated himself with the persons who committed the crime, that he participated in the crime as something he wished to bring about, and that he intended by his actions to make it succeed.

Some affirmative conduct by the defendant to help in planning or carrying out the crime is necessary. Mere physical presence by the defendant at the place and time the crime is committed is not by itself sufficient to establish his guilt. However, mere physical presence is enough if it is intended to help the principal offender and in fact does help him. It is not necessary that you find that the defendant was actually present while the crime was committed.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime. The government is not required to prove that crime was committed in the particular way planned or agreed upon. Nor need the government prove that the principal offender and the person alleged to be the aider and abettor directly communicated with each other.

It is not necessary that the defendant have had the same intent that the principal offender had when the crime was committed, or that he have intended to commit the particular crime committed by the principal offender. An aider and abettor is legally responsible for the acts of other persons that are the natural and probable consequence of the crime in which he intentionally participates.

It is not necessary that all the people who committed the crime be caught or identified.

It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted the principal offenders in committing the crime.

**C.  Closing Remarks.**

**Instruction 2.71**

**ELECTION OF FOREPERSON**

When you return to the jury room, you should first select one of your members to be the foreperson.  The foreperson should preside over your deliberations and will be your spokesperson here in court.

**Instruction 2.72**

**UNANIMITY**

The verdicts must represent the considered judgment of each juror.  In order to return verdicts, each juror must agree to the verdicts.  Your verdicts must be unanimous.

35

**Instruction 2.73**

**EXHIBITS DURING DELIBERATIONS**

I am sending the exhibits--except the alleged narcotics--that have been admitted into evidence

with you as you start your deliberations.  You are entitled to see any or all of these exhibits as

you deliberate.

**Instruction 2.74**

**POSSIBLE PUNISHMENT NOT RELEVANT**

The question of possible punishment of the defendant in the event of conviction is no concern of

yours and should not enter into or influence your deliberations in any way.  The duty of imposing

sentence in the event of conviction rests exclusively with me.  You should weigh the evidence in

the case and determine the guilt or innocence of the defendant solely upon the basis of such

evidence, without any consideration of the matter of punishment.

**Instruction 2.75**

**COMMUNICATIONS BETWEEN COURT AND JURY**

**DURING JURY'S DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note

by the clerk or marshal, signed by your foreperson or by one or more members of the jury.  No

member of the jury should try to communicate with me by any means other than a signed note

36

and I will never communicate with any member of the jury on any matter touching the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person -- not the clerk, the marshal or me -- how the jury stands on the question of the defendant's guilt or innocence until after you have reached a unanimous verdict.  This means, for example, that you never should state to the court that the jury is divided 6 to 6, 7 to 5, 11 to 1, or in any other fashion, whether for conviction or acquittal.

**Instruction 2.76**

**FURNISHING THE JURY WITH A COPY OF**

**THE INSTRUCTIONS**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions.  While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others.  The fact that you have been provided a copy of my instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary. Please return the instructions to me when your verdict is rendered.

**No. 2.77**

**USE OF VERDICT FORMS -- NOTE**

A verdict form has been prepared for your convenience.  You will take this form to the jury

room.

The verdict form is not evidence but rather is provided to assist you.  Nothing in the verdict form

is intended to suggest or convey any opinion by the Court regarding what the verdicts should be.

When you have reached a unanimous decision on each count, the foreperson should sign and date

the verdict form and return it to the Court once a decision has been reached.

In this case, in addition to your unanimous verdict on each count, the verdict form asks a

question regarding the drug quantity with respect to each count.  Let me explain the form.

**D.  Miscellaneous Instructions If Needed.**

**III.  Verdict Form.**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No.:  06-029 (PLF)** |
| | : | |
| **v.** | : | |
| | : | |
| **ANTHONY STEWART,** | : | |
| **also known "Pops",** | : | |
| **Defendant.** | : | |
| | : | |

## JURY VERDICT FORM FOR DEFENDANT ANTHONY

### COUNT ONE

    With respect to the offense of Conspiracy to Distribute and Possess With Intent to Distribute 50 grams or More of Cocaine Base and 500 Grams or More of Cocaine, we the jury find the defendant


_____ Guilty                    _____ Not Guilty


    If the jury finds the Defendant Anthony Stewart guilty of the crime of conspiracy, answer the following question:

39

Does the jury unanimously find beyond a reasonable doubt that the amount of the controlled substance involved in was 50 grams or More of a mixture or substance containing cocaine base?

_____ Yes                    _____ No

Does the jury unanimously find beyond a reasonable doubt that the amount of the controlled substance involved in was 500 Grams or More of a mixture or substance containing cocaine?

_____ Yes                    _____ No

* Note the remaining counts of the verdict form will be outlined for the Court prior to trial.

_____
                    FOREPERSON

_____
        DATE

WHEREFORE, the government submits the foregoing proposed Jury Instructions, and Verdict Form.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By: _____
EMORY V. COLE
Assistant United States Attorney
Narcotics Section
555 Fourth Street, N.W.
Washington, D.C.  20001
(202) 616-3388

40