## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.:  06-029 (PLF) |
| | : | |
| v. | : | |
| | : | |
| ANTHONY STEWART, | : | |
| also known "Pops", | : | |
| Defendant. | : | |

### GOVERNMENT'S PROPOSED VOIR DIRE

The United States, by and through its attorney, the United States Attorney for the District of

Columbia, respectfully submits the following proposed Voir Dire Questions:

**I. Voir Dire.**

    **A. Questions.**

1.    Introduction and description of case with dates, locations, charges.

    This case involves allegations charged in an eight count indictment with, *inter alia*, Conspiracy to Distribute and Possess With Intent to Distribute 50 grams or More of Cocaine Base and 500 Grams or More of Cocaine, in violation of Title 21, United States Code, Section 846.  Does any member of the panel know anything about the facts and circumstances of this case?

2.    The United States is represented in this case today by assistant United States Attorneys Emory V. Cole and Aaron Mendelsohn.  Do any members of the panel know them?  Mr. Stewart is represented by Richard Samad.  Do any members of the panel know either Mr. Stewart or Mr. Samad?

3.    The government will call a number of witnesses to testify during the trial.  The defense may also, but is not required to call witnesses. Mr. Cole will now read a list of names of witnesses that you may hear from and of people that you may hear about during the trial.  The defense will do the same **[if they wish.]**  Not all of these witnesses will necessarily testify, but they are being introduced to determine whether any of you know any of the prospective witnesses in this case.  Do any members of the panel know any of the people just announced?

4.  Mr. Stewart – like all defendants – is presumed innocent unless and until the government proves his guilt beyond a reasonable doubt. Is there anyone who cannot accept this and presume that Mr. Stewart is innocent? This presumption of innocence can only be overcome, if the government proves Mr. Stewart's guilt beyond a reasonable doubt. Is there anyone who cannot accept this standard?

5.  If you are chosen to sit as a juror, at the end of this case the Court will instruct you as follows: "If you find that the government has proven beyond a reasonable doubt every element of the offenses with which the defendant is charged, it is your duty to find him guilty. On the other hand, if you find the government has failed to prove any element of the offenses beyond a reasonable doubt, you must find the defendant not guilty." Is there anyone who could not follow this instruction?

6.  Is any member of the panel, or any close friend or relative currently or previously employed as a law enforcement officer? A law enforcement officer would be someone who works for the United States Customs Service, Drug Enforcement Administration, Metropolitan Police Department, the Capitol Police, the Park Police, the Secret Service, the Federal Bureau of Investigation, the D.C. Department of Corrections, and other law enforcement agencies.

7.  Do any of you now, or have you within the past ten years, belonged to or participated in any crime prevention groups, such as neighborhood watch organizations, orange hat groups, or any other crime prevention groups?

8.  Would any member of the panel tend to believe or disbelieve the testimony of a law enforcement officer just because he or she is a law enforcement officer? Would any member of the panel tend to give more or less weight to the testimony of a law enforcement officer than given to testimony by other witnesses?

9.  Does any member of the panel believe that law enforcement officials (this includes members of any law enforcement agency, such as the United States Customs Service, Drug Enforcement Administration, Metropolitan Police Department, the FBI or U.S. Marshal Service) are not trustworthy or that they tend to fabricate information or evidence?

10. Has any member of the panel or a close friend or relative studied law or had any legal training, including paralegal training?

    a.  In what areas of law has that training or practice been?

    b.  Have you discussed with your friends or relatives who have had legal training the nature of their work or cases they have handled?

      c.      If you have handled or studied legal matters or discussed legal matters with friends or relatives who practice or study law, would that affect your ability to follow the Court's instructions as to the law to be applied to this case or your ability to be fair and impartial in this case?

11.      Is any member of the panel or a close friend or relative presently employed, or ever been employed, by a defense attorney, defense law firm, or a prosecutor's office?

      a.      In what capacity?

      b.      Would that affect your ability to render a fair and  impartial verdict?

12.      Do any of you, your close friends or relatives presently have pending application for employment with the United  States Attorney's Office, the public defender service, or a defense attorney?

13.      Has any member of the panel or any family member or a close friend ever been the victim of, a witness to, or charged with, a criminal offense?

14.      This case involves allegations of distribution of narcotics with the intent to distribute them.  Does anyone have such strong feelings about illegal drugs that the nature of the charges would make it difficult for you to be fair and judge this case on the evidence presented in court?

15.      Does any member of the panel disagree with the prosecution of narcotics offenses? Does any member of the panel believe that the distribution or possession of drugs should be legalized?   Does anyone believe that either too much or too little effort is spent on the prosecution of drug offenses or that the penalties assigned to those offenses are either too severe or too lenient?

17.      Has any member of the jury panel ever served on a petit or grand jury, either federal or local, before?

      a.      If petit jury, what kind of case?  What was the result of the trial?

      b.      If grand jury, do you understand that the proof  requirement before a grand jury is one of  "probable cause," while the government at this trial must present proof beyond a "reasonable doubt"?

18.      Do any members of the panel have any religious, social, or moral beliefs, which would affect your ability to sit in judgment in a criminal case?

19.    Does any member of the panel know any other member of the panel?  Would that affect your ability to decide the case for yourself based on your individual judgment?

20.    Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court.  Is there anyone who – for any reason – would not be able to accept and follow the Court's instructions regarding the law?

21.    The presentation of evidence in this trial may last about three days; the length of deliberations is determined by the jury itself.  Is there any member of the panel who has an urgent or extremely important matter to attend to this week such that you would be faced with a hardship if selected for the jury in this case?

22.    Are any of you presently taking any medication which might cause drowsiness, or experiencing any other physical or mental conditions which might in any way affect your ability to give your full attention to this case?

23.    Do any members of the panel know any other reason, not already discussed, why you feel you cannot sit as a juror in this case and render a fair and impartial verdict in this case, based solely on the evidence presented?

24.    (The government would request the following instruction) You will hear from a witness who has pled guilty and as part of his guilty plea has agreed to cooperate with the government and give testimony in this case.  Would that fact alone cause you to automatically disbelieve his testimony regardless of what he had to say?  If yes, circle __ on the topic list.

**B.  Procedure.**

The government asks that the Court use the following procedure for voir dire: The Court would ask the foregoing questions and instruct the venire to record the number of any questions to which they have a response on an index card.  When the questions are completed, the Court would call each potential juror to the bench.  Those potential jurors who have recorded numbers on their cards would be asked follow-up questions regarding those questions, and those who have not recorded any numbers would be briefly interviewed by the Court to insure that they heard the questions and understood the process and have nothing to disclose.  We note that Judges Urbina and Roberts use this method.

4

**II.  Jury Instructions.**

    **A.  Preliminary Instructions.**

**Instruction 1.03[1]**
**PRELIMINARY INSTRUCTIONS BEFORE TRIAL**

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial.  I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions which I will give at the end of the trial just before you start your deliberations.  These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

**Instruction 1.02 A**
**NOTETAKING BY JURORS**

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you.  It is my practice to allow jurors to take notes during the trial if they want to, and to have their notes with them during the jury's deliberations.  I want to emphasize that none of you is required to take notes.  Indeed, you should not do so if you think that notetaking will distract your attention from the evidence or the testimony of the witnesses.  On the other hand, if you think that taking notes might help you remember the testimony of the witnesses and the other evidence in the case, or might make you pay more attention during the trial, you are free to take notes.  You should remember that your notes are only an aid to help your memory.  They should not replace your own

---

[1]Unless otherwise indicated, all instructions are based on the <u>Criminal Jury Instructions for the District of Columbia</u>, 4th ed.

memory of the evidence.  Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Whenever there is a recess in the trial, you should leave your notebooks and pencils on your seats.  They will be collected by the clerk and given to me to keep.  No one, including myself, will ever look at any of your notes.  At the end of the trial, when you come back to the courtroom to deliver your verdict, your notes will be destroyed.  Again, neither I nor anyone else will look at any notes you have taken.

### Instruction 1.21
### IDENTITY OF ALTERNATES IS NOT DISCLOSED

You have probably noticed that there are fourteen of you sitting in the jury box.  Only twelve of you will retire to deliberate in this matter.  In some courtrooms, jurors in seats 13 and 14 are automatically the alternates, but that is not how it works in this courtroom.  Instead, we randomly select the alternates' seats at the beginning of each trial from among all the jury seats so that any two seats -- 1 and 8, 10 and 5, 2 and 13, or any other combination -- might turn out to be the seats of the alternates.

I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations.  Therefore, it is important that all of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

**Instruction 1.22**
**JUROR'S RECOGNITION OF A WITNESS OR**
**OTHER PARTY CONNECTED TO THE CASE**

At the beginning of the jury selection process, potential witnesses were identified to you by name.  If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone referred to in the testimony or evidence, or anyone else connected with this case in any way, you should tell the court immediately.  You should not tell any other member of the jury about your discovery.  If you realize you are acquainted with someone connected with this case while a witness is testifying, you should raise your hand immediately and ask to speak privately to the marshal or with me at the bench.

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case.  This is a criminal case which began when the grand jury returned an indictment.  Assistant United States Attorneys Emory V. Cole and Aaron Mendelsohn, will present the evidence in support of the charges in the indictment.

[READ THE INDICTMENT]

You should understand clearly that the indictment that I just read is not evidence.  The indictment is just a formal way of charging a person with a crime in order to bring him to trial.  You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offenses with which he has been charged.  The defendant has been charged with possessing with the intent to distribute

7

cocaine base, phencyclidine, and marijuana and using, carrying, and possessing a firearm during or in relation to or in furtherance of a drug trafficking offense. To prove these offenses, the government must prove beyond a reasonable doubt each of the elements of these offenses.

**Elements**

**\*CONSPIRACY TO DISTRIBUTE AND POSSESS**

**WITH THE INTENT TO DISTRIBUTE COCAINE**

Count One of the Indictment charges that from at least sometime on or about January 2005, continuing thereafter up to and including January 2006, within the District of Columbia and elsewhere, Mr. Stewart, did unlawfully and knowingly and intentionally combine, conspire, confederate and agree together, and with other coconspirators, to unlawfully, knowingly and intentionally distribute and possess with the intent to distribute 50 grams or More of Cocaine Base and 500 Grams or More of Cocaine of a mixture and substance containing a detectable amount of cocaine and cocaine base, which are narcotic drug controlled substance, in violation of Title 21, Sections 841 and 846 of the United States Code.

A conspiracy charge is a separate and different offense from the underlying crimes that are the alleged purpose of the conspiracy. This is because it is an offense to conspire, or agree, with someone to commit a crime even if that crime is never committed. So, a conspiracy is a combination of two or more persons to accomplish an unlawful purpose. It is a partnership.

Nonetheless, you must consider separately each alleged conspirator's participation. Specifically, for you to find Mr. Stewart guilty of conspiracy, the government must prove each of the following elements beyond a reasonable doubt.

8

First, that at sometime from at least sometime on or about January 2005, continuing thereafter up to and including January 2006, within the District of Columbia and elsewhere, an agreement existed between at least two people to commit a crime, namely, to distribute or possess with intent to distribute cocaine and cocaine base.

Second, that Mr. Stewart knowingly and willfully joined and participated in the conspiracy with the specific intent to distribute cocaine or to possess it with intent to distribute it. In other words, this, the second element, requires that the government must prove the defendant's membership in the conspiracy.

An agreement, to constitute a conspiracy agreement, does not have to be in writing, does not have to be an express or formal plan in which everyone who was involved sat down together and worked out all the details. This of course rarely, if ever, happens when illegal purposes are involved. On the other hand, it does not follow from the fact that people get together and talk about common interests, or do similar things, that an illegal agreement exists. The government must prove beyond a reasonable doubt that there was a common understanding or common undertaking among two or more people to commit a crime. Such an agreement need not be proved directly but it may be inferred from the circumstances and conduct of the parties, since ordinarily a conspiracy is characterized by secrecy.

To be a member of the conspiracy, Mr. Stewart need not know the identities or the number of all the other members of the conspiracy, nor all of the details of the conspiracy, or the means by which its purposes were to be accomplished. Mr. Stewart may be found to have been a member of the conspiracy even though he was not apprized of all the activities of the other members. Furthermore, the defendant need not have been informed of the full scope of the conspiracy, nor need

9

he be shown to have joined in all of the conspiracy's unlawful objectives in order for you to infer that he joined the conspiracy knowingly. Each member of the conspiracy may perform separate and distinct acts. It is not necessary that the government prove that a particular alleged conspirator, from the beginning, was aware of the common purpose, had knowledge that the conspiracy existed, and was a member of the conspiracy. Different persons may become members of the conspiracy, at different times. Moreover, it is not necessary, in order to convict Mr. Stewart of a charge of conspiracy, that the objectives or purposes of the conspiracy have been achieved or accomplished. In addition, the government is not required to prove that any alleged conspirator committed an act in furtherance of the conspiracy.[2] The essence of the offense of conspiracy is the agreement to commit a crime, not the commission of overt acts in furtherance of the agreement.

In determining whether a conspiracy existed and whether Mr. Stewart was one of its members, you may consider the acts and statements of any other member of the alleged conspiracy, done or made during the course of and in furtherance of the conspiracy, as evidence against the defendant. When persons enter into a conspiracy, they become agents for each other, so that the act or statement of one conspirator is considered the act or statement of all the other conspirators and is evidence against them all.

You should not base your determination of the guilt or innocence on the extent of Mr. Stewart's participation in the alleged conspiracy. Mr. Stewart may be convicted as a conspirator even though he plays a minor role in the conspiracy, or joined the conspiracy after it was underway provided that you find beyond a reasonable doubt that the conspiracy existed, and that he knowingly

---

[2]United States v. Scabani, 513 U.S. 10 (1994) (no overt act required to prove conspiracy pursuant to 21 U.S.C. Sec. 846).

participated in the conspiracy with the intent to assist other conspirators. You need not find that all members of the conspiracy were members at one time. For Mr. Stewart to be convicted as a conspirator, it is sufficient if at some time during the course of the conspiracy, he was a member of the conspiracy.

It is not essential that the prosecution prove that the conspiracy began or ended on the specific dates set forth in the indictment. Rather, the government is required to prove beyond a reasonable doubt that in fact a conspiracy existed for some time within the period set forth in the indictment.

Finally, in order to convict the defendant of the conspiracy charge in the indictment, it is not necessary that you find that the conspiracy involved the actual amount of the mixture or substance containing cocaine alleged in the indictment. The amount of the mixture or substance containing a controlled substance is not an element of Count One.

In summary, a conspiracy is a kind of partnership in crime. For the defendant to be convicted of the crime of conspiracy, the government must prove two things beyond a reasonable doubt: First, that there was an agreement to commit a crime; and second, that the defendant intentionally joined that agreement.

(This instruction is based on Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, (1990 & 1997 supp.) Sec. 28 <u>generally</u>. The defendant objects to the bracketed and bold text.)

**Instruction 4.30**

**DISTRIBUTION OF A CONTROLLED SUBSTANCE**

The essential elements of distribution are:

1.    That the defendant or another conspirator distributed a controlled substance. Distribute means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return.

2.    That the defendant or another conspirator distributed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

The law makes cocaine and cocaine base are controlled substances. You must decide whether the materials were cocaine and/or cocaine base. In doing that, you may consider all evidence that may help you, including exhibits, expert and non-expert testimony.

As I explain how the trial will proceed, I will refer to the "government" and to the "defendant." When I mention the "government," I am referring to the person who is presenting the evidence in support of the charges contained in the indictment. In this case, it is the Assistant United States Attorney Emory V. Cole. When I mention the defendant, I am referring either to the defendant Anthony Stewart, or to his attorney, Richard Samad.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements. If the government makes an opening statement it must do so at the beginning of its case. The defendant may make an opening statement immediately after the government's opening statement, or may wait until the beginning of the defendant's case. The defendant does not have to make any opening statement. The opening statements are only intended

12

to help you understand the evidence which will be introduced.  The opening statements are not evidence.

After the opening statement or statements, the government will introduce evidence to support the charges in the indictment.  After the government presents its evidence, the defendant may present evidence, but he is not required to do so.  The law does not require a defendant to prove his innocence or to produce any evidence.

At the end of all of the evidence, I will tell you in detail about the rules of law that you must follow when you consider what your verdict shall be.  Your verdict must be unanimous; that is, all twelve jurors must agree on the verdict.

Finally, each side will have an opportunity to make a closing argument in support of its case. The lawyers' closing arguments, just like their opening statements, are not evidence in this case. They are only intended to help you understand the evidence.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair and efficient manner, to rule on legal questions which come up in the course of the trial, and to instruct you about the law which applies to this case.  It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case.  You -- and only you -- are the judges of the facts.  You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses.  You must consider and weigh the testimony of all witnesses who appear before you.  You alone must decide whether to believe any witness, and to what extent to believe any witness.

13

And remember, you must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory and your notes if you choose to take any.

During this trial, I may rule on motions and objections by the lawyers, comment to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and exhibits. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers in the case may object when the other side asks a question, makes an argument, or offers evidence which that lawyer believes is not properly admissible. You must not be prejudiced against the lawyer who makes the objection or the party he represents. Indeed, it is the lawyer's responsibility to object to evidence which he believes is not properly admissible.

If I sustain an objection to a question asked by a lawyer, you should forget about the question because the question is not evidence. You must not guess or speculate what the answer to the

14

question would have been.  If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must forget about both the question and the answer that was stricken.  You should follow this same rule if any of the exhibits is stricken.

A defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt.  The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden never shifts throughout the trial.  The law does not require a defendant to prove his innocence or to produce any evidence.  If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, you must find him guilty.  On the other hand, if you find that the government has failed to prove a single element of the offense beyond a reasonable doubt, you must find the defendant not guilty.

You must not be influenced by the nature of the charge in arriving at your verdict.  Your responsibility is to decide this case solely on the evidence presented in the courtroom.  As a result, you must not conduct any independent investigation of your own of the case -- like going to visit a crime scene.

In addition, you should disregard any statements made about the case by anyone outside the courtroom.  You must not talk about the case with the lawyers, the defendant, witnesses, or anyone else connected with the case.  If you see someone involved in this case, other than a fellow juror, outside the courtroom, you should not speak with that person about anything.  If, at any time during the trial, anyone tries to discuss the case with you or if you hear anyone talking about the case, you should refuse to participate in or listen to the discussion.  If you speak with someone involved in the case outside the courtroom while the trial is still going on, we may have to stop the trial, pick a new

jury and start all over again.  You must also completely disregard any press coverage, including newspaper, television or radio reports which you may read, see or hear.  If you are exposed to any news reports inadvertently, you should immediately disregard them and direct your attention elsewhere.

If you have heard any statements about the case, if anyone has tried to discuss the case with you or if you have been exposed to press coverage about the case, you must tell me about it immediately by informing the marshal or the courtroom clerk.  You should not tell any of your fellow jurors or anyone else.  You should tell only me, the marshal, or the clerk.

You must not discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions.  Until the case is submitted to you, you must not talk about it with your fellow jurors.  You must not talk about the case to your friends or relatives, or even your husband or wife, until it is over and you have completed your deliberations.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors.  It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

### Instruction 4.29
### POSSESSION OF CONTROLLED SUBSTANCE
### WITH INTENT TO DISTRIBUTE
21 U.S.C. § 841(a)(1)

The essential elements of the offense of possession with the intent to distribute cocaine base, phencyclidine, or marijuana are:

1.       That the defendant possessed either cocaine and/or cocaine base;

16

2.    That the defendant did so knowingly and intentionally.  This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

3.    That when the defendant possessed either the cocaine and/or cocaine base,  he had the specific intent to distribute it.  Distribute means to transfer or attempt to transfer to another person.

The law makes cocaine and cocaine base controlled substances.  You must decide whether the materials in question were either cocaine and/or cocaine base.  In doing that, you may consider all evidence that may help you, including exhibits, and expert and non-expert testimony.  For Count Eight - the government need not prove that the defendant possessed any particular numerical amount of any of the drugs, but it must prove beyond a reasonable doubt that he possessed a detectable or measurable amount of either cocaine base.

### Instruction 3.08
### POSSESSION -- DEFINED

There are two kinds of possession:  actual and constructive.  A person has actual possession of something if he has direct physical control over it.  He has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it, either by himself or through another person.

Possession may be shared with one or more people.

Mere presence near something or mere knowledge of its location is not enough to show possession.  To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the narcotics alone or with someone else.

17

**Instruction 1.05**[3]
**CAUTIONARY INSTRUCTION**
**PRIOR TO FIRST RECESS**

We are about to take our first break and it is important that you follow certain instructions whenever the court is in recess.

First, until I submit this case to you at the end of my final instructions, you must not discuss it with anyone – not with the parties, witnesses, attorneys or anyone else connected with the case. You must not even discuss it with your fellow jurors, friends or family members. To be fair to both the government and the defendant, you should keep an open mind throughout the trial. You should reach your conclusion only during the final deliberations after all the evidence is in and you have heard the attorneys' closing arguments and my instructions to you on the law.

Second, do not permit any other person to discuss the case in your presence. This applies to anyone, including members of your family, friends or relatives, courtroom spectators, witnesses, reporters and parties to this case. If anyone attempts to discuss the case with you, tell them not to talk to you. If anyone attempts to discuss the case with you or you overhear any discussion of the case, you must report that fact to me as soon as you can. However, you should not discuss with any of your fellow jurors the fact that someone tried to discuss the case with you or that you overheard a discussion, nor should you discuss with them any other fact that you feel necessary to bring to the court's attention. If you need to advise me of such matters, please do so through the marshal or clerk.

---

[3]We ask that the Court give this instruction before the first break that is taken during *voir dire.*

18

Finally, although it is a natural human tendency to talk with people with whom you may be thrown into contact, you must not talk to any of the parties or their attorneys or any witness in this case during the time you serve on this jury.  If you encounter anyone connected with the case outside the courtroom, you should avoid having a conversation with them, overhearing their conversation or having any contact with them at all.  For example, if you inadvertently find yourself in a courthouse corridor, elevator, the cafeteria or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions.  If you do overhear a discussion about the case, you should report that to me as soon as you can.  Finally, if you see an attorney or witness involved in the case and they turn and walk away from you, they are not being rude.  They are merely trying to avoid any contact with you as I have instructed them.

### B.  Final Instructions.

Ladies and gentlemen of the jury, you are about to hear the closing arguments of counsel concerning the evidence in this case.  At this time, it is my duty and responsibility as the trial judge to give you instructions as to the law that applies to this case and to the evidence that has been presented.  It is your sworn duty to base your verdicts upon the law given in these instructions and upon the evidence that has been admitted in this trial.

**Instruction 2.01**
**FUNCTION OF THE COURT**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law which applies in this case.

It is your duty to accept the law as I state it to you. You should consider all the instructions as a whole. You may not ignore any instruction, or question the wisdom of any rule of law.

### Instruction 2.02
### FUNCTION OF THE JURY

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. You alone decide what weight to give to the evidence presented during the trial. You decide the value of the evidence and the believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any opinion as to the facts, you should ignore it. It is your sole and exclusive duty to decide the verdict in this case.

### Instruction 2.03
### JURY'S RECOLLECTION CONTROLS

If any reference by the court or the attorneys to evidence does not coincide with your own recollection of the evidence, it is your recollection which should control during your deliberations.

### No. 1.02
### NOTETAKING BY JURORS

B.    <u>FINAL INSTRUCTION WHEN NOTETAKING IS PERMITTED</u>

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notes with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory and they

should not replace your memory. Those jurors who have not taken notes should rely on their own memory of the evidence and should not be influenced by another juror's notes if the notes do not coincide with their memory. The notes are intended to be for the notetaker's own personal use.

At the end of your deliberations, please tear out from your notebooks any notes you have made and give them to your foreperson. The clerk will collect your notebooks and pencils when you return to the courtroom, and I will ask the foreperson to give the clerk your notes when your verdict is announced. The clerk will give the notes to me and I will destroy your notes immediately after the trial. No one, including myself, will look at them.

**Instruction 2.04**
**EVIDENCE IN THE CASE --**
**JUDICIAL NOTICE, STIPULATIONS, DEPOSITIONS**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case was the sworn testimony of the witnesses, the exhibits which were admitted into evidence, [the facts of which I took judicial notice], and [the facts and testimony stipulated to by the parties].

[The court may take judicial notice of public acts, places, facts and events which the court regards as matters of common knowledge. In this case, I took judicial notice of _____ . [You may, if you choose to do so, regard that fact as proven evidence, but you are not required to do so because you are the sole judges of the facts.]]

[During the trial, you were told that the parties had stipulated – that is, agreed to – certain facts. Any stipulation of fact is undisputed evidence, and you may consider it undisputed evidence.]

[During the trial, you were told that the parties had stipulated – that is, agreed to – what testimony a particular witness would have given if s/he had testified in this case. You may consider this stipulated testimony as exactly what this witness would have said had s/he testified.]

When you consider the evidence, you are permitted to draw, from the facts which you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.

**Instruction 1.08**
**EXPERT TESTIMONY**

Ordinarily, the rules of evidence do not permit witnesses to testify as to opinions or conclusions. But there is an exception to this rule for expert witnesses. Experts are allowed to give opinions or conclusions because they have become expert in some art, science, profession or calling. They may give their opinions or conclusions, and reasons for their opinions.

In this case, the court has permitted _____ to testify as an expert concerning _____. You are not bound by an expert's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. In other words, give the opinion the weight you think it deserves after you consider it along with all the other evidence.

**Instruction 2.05**
**STATEMENTS OF COUNSEL**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence.

### Instruction 1.07
### QUESTION NOT EVIDENCE

Sometimes a lawyer's question suggests that something is a fact. Whether or not something is a fact depends on the witness's answer -- not the lawyer's question. A lawyer's question is not evidence.

### Instruction 2.06
### INDICTMENT NOT EVIDENCE

The indictment is merely the formal way of accusing a person of a crime to bring him to trial. You must not consider the indictment as evidence of any kind – you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

### Instruction 2.07
### INADMISSIBLE AND STRICKEN EVIDENCE

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence which the objecting lawyer believed was not proper. You must not be prejudiced against the lawyer who made the objections. It is the lawyers' responsibility to object to evidence which they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should disregard the question and you must not speculate as to what the answer would have been.

If, after a witness answered a lawyer's question, I ruled that the answer should be stricken, you should disregard both the question and the answer in your deliberations.

Likewise, exhibits, as to which I have sustained an objection, or which I ordered stricken, are not evidence and you must not consider them in your deliberations.

**Instruction 2.08**
**BURDEN OF PROOF -- PRESUMPTION OF INNOCENCE**

Every defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt.

The burden is on the government to prove the defendant guilty beyond a reasonable doubt. This burden of proof never shifts throughout the trial.  The law does not require a defendant to prove his innocence or to produce any evidence.  If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, you must find him guilty.  On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty.

**REASONABLE DOUBT\***

As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt.  Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are very few things in this world that we know with absolute certainty, and in criminal

cases the law does not require proof that overcomes every possible doubt.  The government is not required to establish guilt beyond all doubt, or to a mathematical certainty or a scientific certainty. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.  If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty. (*The government requests that in place of Instruction 2.09 from the Red Book, the Court give the foregoing instruction, which is based on Instruction 21, Definition of Reasonable Doubt, from Pattern Criminal Jury Instructions, was approved by the Court of Appeals in United States v. Taylor, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993), and has been used recently by Judges Roberts and Robertson.)

### Instruction 2.10
### DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which you may find the truth as to the facts of a case – direct evidence and circumstantial evidence.  When a witness asserts actual knowledge of a fact, such as an eyewitness, that witness's testimony is direct evidence.  A chain of facts and circumstances indicating the guilt or innocence of a defendant is circumstantial evidence.  The law makes no distinction between the weight you should give to either kind of evidence, nor does circumstantial evidence require a greater degree of certainty than direct evidence.  In reaching a verdict in this case, you should weigh all of the evidence presented, both direct and circumstantial.

### Instruction 2.11
### CREDIBILITY OF WITNESSES

25

In determining whether the government has established the charges against the defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent misrecollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence.

26

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

### Instruction 2.13
### NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side.

### Instruction 2.14
### NATURE OF CHARGES NOT TO BE CONSIDERED

One of the questions you were asked when we were selecting this jury was whether the nature of the charge would affect your ability to render a fair and impartial verdict. There was a reason for that question. You must not allow the nature of the charge itself to affect your verdict. You must consider only the evidence that has been presented in this case in rendering a fair and impartial verdict.

**Instruction 2.26**
**POLICE OFFICER'S TESTIMONY**

The testimony of a police officer or other law enforcement agent should be considered by you just as any other evidence in the case. In evaluating the agent's credibility you should use the same guidelines which you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a law enforcement agent.

**Instruction 2.27**
**FAILURE OF DEFENDANT TO TESTIFY**

Every defendant in a criminal case has an absolute right not to testify. You must not draw any inference of guilt against the defendant because he did not testify.

**(If defendant chooses not to testify.)**

**Instruction 2.28**
**DEFENDANT AS WITNESS**

The defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because he is the defendant. In weighing his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony such weight as in your judgment it is fairly entitled to receive.

**(If defendant chooses to testify.)**

28

**Instruction 2.31**
**EFFECT OF REFUSAL OF WITNESS**
**TO ANSWER PROPER QUESTION**

The law requires every witness, including a defendant who chooses to become a witness in a criminal case, to answer all proper questions put to him/her, unless the court rules otherwise.

The fact that a witness refuses to answer a question after being instructed by the court to do so may be considered by the jury in determining whether you believe the witness and the weight his/her testimony deserves. However, you must not guess what the witness would have said if s/he had not refused to answer the question.

**(If appropriate.)**

**Instruction 3.02**
**PROOF OF STATE OF MIND**

Someone's intent or knowledge or both ordinarily cannot be proved directly, because there is no way of directly looking into the workings of the human mind. But you may infer the defendant's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence which indicate the defendant's intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

**Instruction 2.52**

29

## MULTIPLE COUNTS -- ONE DEFENDANT

A separate offense is charged in each of the counts of the indictment which you are to consider. Each offense, and the evidence which applies to it, should be considered separately, and you should return separate verdicts as to each count.  The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not control or influence your verdict with respect to any other count or counts of the indictment.

**C.  Closing Remarks.**

### Instruction 2.71
### ELECTION OF FOREPERSON

When you return to the jury room, you should first select one of your members to be the foreperson.  The foreperson should preside over your deliberations and will be your spokesperson here in court.

### Instruction 2.72
### UNANIMITY

The verdicts must represent the considered judgment of each juror.  In order to return verdicts, each juror must agree to the verdicts.  Your verdicts must be unanimous.

### Instruction 2.73
### EXHIBITS DURING DELIBERATIONS

I am sending the exhibits – except the alleged narcotics, the firearm, and the ammunition – that have been admitted into evidence with you as you start your deliberations. You are entitled to see any or all of these exhibits as you deliberate. If you wish to see the alleged narcotics, please send and note and I will send the alleged narcotics back to you.

### Instruction 2.74
### POSSIBLE PUNISHMENT NOT RELEVANT

The question of possible punishment of the defendant in the event of conviction is no concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of conviction rests exclusively with me. You should weigh the evidence in the case and determine the guilt or innocence of the defendant solely upon the basis of such evidence, without any consideration of the matter of punishment.

### Instruction 2.75
### COMMUNICATIONS BETWEEN COURT AND JURY
### DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me by any means other than a signed note and I will never communicate with any member of the jury on any matter touching the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person -- not the clerk, the marshal or me -- how the jury stands on the question of the defendant's guilt or innocence until after you have reached a unanimous verdict. This means, for example, that you

never should state to the court that the jury is divided 6 to 6, 7 to 5, 11 to 1, or in any other fashion, whether for conviction or acquittal.

**Instruction 2.76**
**FURNISHING THE JURY WITH A COPY OF**
**THE INSTRUCTIONS**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions.  While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others.  The fact that you have been provided a copy of my instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary.  Please return the instructions to me when your verdict is rendered.

**Instruction 2.77**
**USE OF VERDICT FORMS -- NOTE**

A verdict form has been prepared for your convenience.  You will take this form to the jury room.  the verdict form is not evidence but rather is provided to assist you.  Nothing in the verdict form is intended to suggest or convey any opinion by the Court regarding what the verdicts should be.  When you have reached a unanimous decision on each count, the foreperson should sign and date the verdict form and return it to the Court once a decision has been reached.

In this case, in addition to your unanimous verdict on each count, the verdict form asks a question regarding the drug quantity with respect to each count.  Let me explain the form.

**D.  Miscellaneous Instructions If Needed.**

WHEREFORE, the government submits the foregoing proposed Voir Dire Questions.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____
Emory V. Cole
Organized Crime and Narcotics Trafficking Section
Assistant United States Attorney
555 Fourth Street, N.W., Room 4312
Washington, D.C. 20001
(202) 616-3388