UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.:  06-0029 (PLF) |
| | : | |
| v. | : | |
| | : | |
| ANTHONY STEWART, | : | |
| also known "Pops", | : | |
| also known as "Anthoney Stewart", | : | |
| also known as "Errol Edward Cole", | : | |
| also known as "Errol Emanuel Cole", | : | |
| Defendant. | : | |

## THE GOVERNMENT'S RESPONSE TO LETTER FROM DEFENDANT STEWART

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the defendant's letter filed on November 29, 2007.

**I. INTRODUCTION**

The defendant was charged in a superceding eight-count indictment charging the defendant with: Count 1) Conspiracy to Distribute and Possess With Intent to Distribute 50 Grams or More of Cocaine Base and 500 Grams or More of Cocaine, 21 U.S.C. § 846; Counts 2,4,5, and 6) Unlawful Distribution of 50 Grams or More of Cocaine Base and Aiding and Abetting, 21 U.S.C. § 841(a)(1) and (b)(1)© and 18 U.S.C. § 2; Count (7) Unlawful Possession With Intent to Distribute 500 Grams or More of Cocaine and Aiding and Abetting, 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii) and 18 U.S.C. § 2; Count 8) Unlawful Possession With Intent to Distribute Cocaine Base, 21 U.S.C. § 841(a)(1) and (b)(1)©.  Defendant Stewart was charged after a long-running MPD investigation revealed that the defendant and co-defendant Gilbert Hugh Thomas, had been involved in a number of cocaine

and crack cocaine sales with others. Several of these sales were made to an undercover officer, MPD Investigator Steven Manley, and to a cooperating witness.

On May 21, 2007, the date that his jury trial was to commence, and moments prior to the jury panel entering the courtroom, the defendant, while under oath, willfully and intelligently decided to entered a plea of guilty to all eight counts of the indictment. The government respectfully requests that the Court not allow the defendant to withdraw his guilty plea in light of his "solemn declarations" during the plea proceedings, and because the record demonstrates that the Court's Rule 11 colloquy fully and completely complied with Federal Rule of Criminal Procedure 11.

## II. WITHDRAWAL OF THE DEFENDANT'S PLEA

On or about November 29, 2007, the Court received a letter sent by the defendant and the letter was filed as part of the record. In response to the defendant's letter, the Court has requested that the Government show cause why this letter should not be considered (1) a motion to set aside Mr. Stewart's plea on the grounds of ineffective counsel, or (2) a motion by the defendant to withdraw his plea in this case and proceed with a different lawyer. The Government respectfully submits that based on the relevant case law and the facts of this case, the defendant's plea should not be set aside because the defendant knowingly and intelligently waived his right to trial and indeed pled guilty because he was guilty of the charged offenses.

### A. Standard of Review

Federal Rule of Criminal Procedure 32(e) vests a district court with discretion to grant a motion to withdraw a guilty plea made prior to sentencing if a defendant "shows any fair and just reason." Fed. R. Crim. P. 32(e); <u>United States v. Hyde</u>, 520 U.S. 670, 117 S.Ct. 1630, reversing 92 F.3d 779 (9th Cir. 1996). Nevertheless, because "a guilty plea is a grave and solemn act . . .

2

accepted only with care and discernment," United States v. Cray, 47 F.3d 1203, 1206 (D.C. Cir. 1995) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)), a district court should set aside a plea "only for good cause shown." Cray, supra, 47 F.3d at 1206. The Court of Appeals reviews a district court's denial of a plea withdrawal motion "only for an abuse of discretion." Id. Thus, "reversal is 'uncommon.'" Id. (quoting United States v. McKoy 645 F.2d 1037, 1038 (D.C. Cir. 1981)). The overriding consideration for this Court in evaluating a district court's decision to deny a motion to withdraw a plea is whether a defendant's plea was made in compliance with Rule 11. Cray, supra, 47 F.3d at 1208. If the Court of Appeals finds "that there was no error in the taking of the defendant's plea, [the Court] will be extremely reluctant to reverse the district court, even if the defendant makes out a legally cognizable defense to the charges against him." Id.

Stated differently, "a defendant who fails to show some error under Rule 11 has to shoulder an extremely heavy burden if he is ultimately to prevail." Id. Thus, when reviewing a district court's decision to deny a motion to withdraw a plea, the Court of Appeals assesses first and most importantly, whether a defendant has demonstrated "either an error in the taking of his plea or some 'more substantial' reason he failed to press his case rather than plead guilty." Cray, supra, 47 F.3d at 1207. Next, the Court examines whether a defendant has set forth "a legally cognizable defense to the charge against him." Id. Only if the first two factors warrant may the [Court] consider whether the plea withdrawal has "substantially prejudiced" the government. Id. Applying these factors to this case, the defendant's letter cannot be construed to compel this Court to withdraw his plea, and thus, the defendant cannot prevail.

3

**B. The Rule 11 Proceeding and the Voluntariness of Defendant's Plea**

Although the defendant in his letter states he "never want[ed] to plea guilty but [he] accepted the advice of [his] lawyer," (See Defendant's Letter dated 11/12/07 at 1), the defendant he has not pointed to any defect in his plea proceeding. As such, any claims to withdraw his plea are unavailing because his plea was entered in absolute compliance with the dictates of Rule 11 and now his professed claim that he did not want to plead guilty hardly amounts to a "more substantial reason" for failing to proceed to trial rather than pleading guilty.

In fact, the defendant's plea was taken in accordance with the requirements of Rule 11. See Fed. R. Crim. P. 11. At the plea hearing on May 21, 2007, this Court personally addressed the defendant while the defendant was under oath, informed him that his responses were subject to the penalties of perjury, found him to be competent, and confirmed that: (1) he had ample opportunity to discuss his case with counsel; (2) he was satisfied with his counsel; (3) he understood his right to a jury trial, during which the government would present its evidence; (4) he understood that the government's evidence would be subject to cross-examination, and that his counsel could present evidence on his behalf, including the defendant's testimony; (5) he knew that his trial rights would be waived if he pled guilty; and (6) he would be required to acknowledge his guilt in order for his plea to be accepted.[1]

This Court also asked the defendant if he was acting voluntarily of his own free will, and the defendant responded affirmatively. Furthermore, after the government proffered in detailed fashion

---

[1] Counsel for the government has not received a copy of the defendant's plea colloquy at this time; however, counsel for the government has a full and complete recollection, including its notes, of the Court's extensive colloquy and the defendant's responses to all of the Rule 11 questions and answers.

its evidence against the defendant, he acquiesced in the government's proffer, admitted his guilt, and expressed his desire to enter a plea of guilty to the Indictment. Thus, the Court complied with Rule 11 in all respects, and indeed, "conducted a textbook Rule 11 inquiry." Cray, supra, 47 F.3d at 1208; see also Fed. R. Crim. P. 11(c)-(d). Based upon the defendant's sworn responses, the Court found defendant's plea voluntary and acceptable. Since the Rule 11 proceeding was without error, the defendant bears an extremely high burden if he is to prevail. Cray, supra, 47 F.3d at 1208; see also United States v. Ford, 993 F.2d 249, 253-54 (D.C. Cir. 1993) (reversing a district court's denial of plea withdrawal motion where plea colloquy did not comply substantially with Rule 11 and viable defenses were asserted, but emphasizing that this Court "will not reverse a trial court in its application of Rule 11 except when it has failed to address the Rule's 'core inquiries'") (internal citation omitted).

Despite the validity of his Rule 11 proceeding, the defendant now claims that he did not want to plead guilty and therefore his guilty plea was not valid. Yet the defendant completely fails to explain his contrary responses at his plea hearing. "'[T]he representations of the defendant [at a plea hearing] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding' and the defendant's 'declarations in open court carry a strong presumption of verity.'" United States v. Farley, 72 F.3d 158, 163-64 (D.C. Cir. 1995) (quoting Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)); see also United States v. Redig, 27 F.3d 277, 280 (7th Cir. 1994) (noting that allegations in plea withdrawal motion in conflict with statements at Rule 11 hearing "must overcome the 'presumption of verity' that attaches to such statements") (internal citation omitted). It is particularly noteworthy that the defendant responded without hesitation to the

Court's inquiries at his plea hearing. In fact, the defendant repeated stated that he was pleading guilty because he was guilty. See Farley, supra 72 F.3d 158, 164.

**C. Absence of a Legally Cognizable Defense**

In addition to failing to demonstrate error in his Rule 11 proceeding or involuntariness of his plea, the defendant also has not set forth a legally cognizable defense. " A defendant appealing the denial of his motion to withdraw a guilty plea, unlike a defendant who has not first pled guilty, must do more than make a general denial in order to put the government to its proof; he must affirmatively advance an objectively reasonable argument that he is innocent." Cray, supra, 47 F.3d at 1209; accord Farley, supra, 72 F.3d at 163. The defendant in his letter has offered no "assertion of innocence, far short of the 'objectively reasonable argument' for innocence a defendant in his position must advance." United States v. Hernandez, 79 F.3d 1193, 1195 (D.C. Cir. 1996) (finding failure to inform court about "wired" plea was harmless error and rejecting challenge to Rule 11 hearing made by defendant who claimed his mother-in-law and others pressured him to plead guilty so that his wife would not be imprisoned); cf. Ford, supra, 993 F.2d at 252 (concluding that defendant who offered facially valid defenses to possession charges had asserted claim of legal innocence).

Even where a defendant sets forth a legally cognizable defense, which the defendant has not done, this Court should look with disfavor upon "assertions of innocence that come long after a guilty plea has been entered, absent some tenable explanation for the delay." See, Ford, supra, 993 F.2d at 254 (apparently viewing with skepticism defendant's reasons for filing plea withdrawal motion two months after plea was entered but permitting withdrawal because plea proceeding did not substantially comply with Rule 11 and viable defenses were asserted); see also McKoy, supra, 645 F.2d at 1038-40 (affirming district court's denial of plea withdrawal motion filed about five

weeks after plea was accepted, where Rule 11 proceeding was not challenged and defendant's bald assertion of innocence came after his co-defendants received substantial sentences). In this case, defendant's letter comes approximately six months after the defendant pled guilty and he does not assert a claim of innocence. Consequently, any claim to withdraw the guilty plea must fail.

**D. Substantial Prejudice to the Government**

Since the defendant has not made a proper showing on either of the first two factors, this Court need not reach the issue of substantial prejudice to the government. Cray, supra, 47 F.3d at 1209; see also Hernandez, supra, 79 F.3d at 1194-95 (affirming denial of plea withdrawal motion without discussion of substantial prejudice to the government). However, should the Court consider this third factor, the government at this time cannot state that it would be substantially prejudiced in the event that the defendant's plea was withdrawn.

**III. INEFFECTIVE COUNSEL**

When evaluating the effectiveness of counsel, two components may be used. As set forth in Strickland v. Washington, 466 U.S. 668, 687-688 (1984), "[f]irst, the defendant must show that counsel's performance was deficient . . ." measured by "reasonableness under prevailing professional norms," and second, the deficiency must have prejudiced the client. The defendant in his letter to the Court makes a number of allegations concerning his attorney. However, the defendant repeatedly stated during the Rule 11 colloquy the he was pleading guilty because he was guilty and the that decision to plead guilty was his own. Moreover, the defendant stated to the Court that he was satisfied with the representation of his counsel.

Before accepting the defendant's guilty plea, the Court conducted an extensive plea colloquy. During that colloquy, the defendant assured the Court that his plea was voluntary, that he understood

7

his plea agreement, and that nobody had coerced him -- either through threats or promises -- to plead guilty. There is a "strong presumption" that statements made during a plea colloquy are true, United States v. Gonzalez-Mercado 808 F. 2d 796, 800 n.8 (11th Cir. 1987). The decision to plead guilty "'frequently involves the making of difficult judgments.'" United States v. Barker, 514 F. 2d 208, 221 (D.C. Cir.)(en banc) (quoting McMann v. Richardson, 397 U.S. 759, 769 (1970)), cert. denied, 421 U.S. 1013 (1975). Defendants must weigh a variety of factors -- including pressures from family, friends, and others -- and decide whether pleading guilty or proceeding to trial is in their best interest. Once that decision has been made, however, a shift in tactics, or a reassessment of the defendant's best interest, is an insufficient reason to permit the withdrawal of a plea. See United States v. Abreu, 964 F.2d 16, 20 (D.C. Cir. 1992). As the Court of Appeals noted in Barker, 514 F.2d at 221, "[w]ere withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, however, a guilty plea is no such trifle, but a grave and solemn act which is accepted only with care and discernment."

Indeed, the defendant's letter is an attempt to withdraw his plea because of the potential for a harsh sentence. This Court does not, and should not, condone justifications for withdrawing a guilty plea that amount to little more than ill-disguised, "post hoc explanations rooted in fear of a substantial sentence." United States v. Mckoy, 645 F.2d 1037, 1038 (D.C. Cir 1981). A defendant may not test the sentencing waters by pleading guilty and then withdraw his plea if he finds those waters too cold. See, e.g., id. at 1040, 1040 n.3 (holding that a district court should "prevent a defendant from testing the weight of potential punishment, and then withdrawing the plea if he finds the sentence unexpectedly severe"); United States v. Horne, 987 F.2d 833, 837 (D.C. Cir.), cert

8

denied, 114 S. Ct. 153 (1993)(affirming denial of plea withdrawal motion filed "only because [the defendant] has since realized that his sentence would indeed be -- as the court had warned it might be -- more severe than his counsel had predicted"); United States v. Loughery, 908 F.2d 1014, 1017 (D.C. Cir. 1990) (noting that "the fact that the defendant waited to withdraw her plea until after determining the tenor of the punishment meted out to co-defendants is a factor militating against allowing withdrawal"); Gonzalez-Mercado, 808 F.2d at 801 (affirming denial of motion to withdraw plea where the court perceived "that the appellant withdrew his plea in anticipation of a harsher sanction than that recommended in his plea agreement").

**WHEREFORE**, the United States respectfully asks this Honorable Court to find that the defendant's letter cannot be construed to compel this Court to withdraw his plea, and thus, the defendant cannot prevail.

Respectfully submitted,
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

BY:      /s/
EMORY V. COLE
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20001
Emory.Cole@USDOJ.gov
(202) 616-3388